IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY V. CAIBY, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:22-cv-1403-JDW |
| | : | |
| C/O CYNTHIA LINK, et al., | : | |
| Defendants. | : | |

## MEMORANDUM

Anthony Caiby seeks to renew in this case claims that he asserted in a prior case in this Court alleging violations of various constitutional rights. The Court will dismiss Mr. Caiby's complaint as frivolous and for failure to state a claim on which the Court could grant relief. But the Court will give Mr. Caiby leave to file an amended complaint as to some of his claims.

I.  BACKGROUND

   A.  The Prior Action

Mr. Caiby's claims in this case restate claims that he asserted in a case captioned *Caiby v. Link*, No. 18-cv-132-WB (E.D.Pa.). In that case, Mr. Caiby asserted claims pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Complaint named Superintendent Cynthia Link, Deputy Superintendent George Ondrejka, Major of the Guard Terra, Captain of Security Michael Spaglonetti, and John/Jane Doe defendants, and alleged confiscation of personal property, the existence of an unconstitutional policy

involving interference with ingoing and outgoing mail, and retaliation against Mr. Caiby for filing grievances. Mr. Caiby alleged that the events giving rise to his claim began on September 1, 2016, when he transferred from the Monroe County Correctional Facility to SCI Graterford. Judge Beetlestone dismissed his complaint without prejudice for failure to state a claim.

On February 5, 2018, Mr. Caiby filed an Amended Complaint that alleged claims against the same defendants and again alleged claims for confiscation of personal property and retaliation for filing grievances. On February 20, 2018, Mr. Caiby advised the Court by letter that he was terminating his claims against the named Defendants, so the Court dismissed the action with prejudice. Mr. Caiby sought reinstatement of the case, but Judge Beetlestone denied his request. Mr. Caiby appealed, and the Third Circuit held that the District Court did not have jurisdiction to dismiss Mr. Caiby's case with prejudice. On remand, Judge Beetlestone vacated the Order dismissing Mr. Caiby's case with prejudice and advised Mr. Caiby that following a voluntary dismissal, a litigant could generally not reopen or reinstate the dismissed action but instead had to file a new complaint.

On August 3, 2020, Mr. Caiby filed a Second Amended Complaint, and on August 18, 2020, he filed a second motion for leave to proceed *in forma pauperis*. On February 5, 2021, Judge Beetlestone denied the motion for leave to proceed *in forma pauperis* because the case was closed when Mr. Caiby filed the motion. Mr. Caiby

appealed but didn't pursue the appeal, so the Third Circuit denied his appeal for failure to prosecute.

### B.    Current Treatment

According to Mr. Caiby, prison authorities intercept most of his mail to thwart him from complaining about mistreatment and to gather information. He also says that he is being abused with little cuts made with "dull point instruments." (ECF No. 1 at p. 6, ¶ 10.) He claims that various, unnamed cellmates have committed some of the assaults against him. He describes this as a "solicited campaign of torture." (*Id.* at ¶ 11.) Mr. Caiby also claims that someone has harassed his loved ones to make him stop complaining. He claims that he only dismissed his prior case through "tele technology" and a "renal neural impulse control" to get him to dismiss the prior case. (*Id.* at ¶ 19.)

### C.    This Action

On April 4, 2022, Mr. Caiby filed this case in the United States District Court for the Middle District of Pennsylvania. That court transferred the case here. Mr. Caiby asserts violations of his First Amendment rights based on a deprivation of his right to free speech and access to the courts, his Eighth Amendment rights, and his Fourteenth Amendment equal protection rights.

## II.   STANDARD OF REVIEW

Although Mr. Caiby has paid the filing fee in full, the Court has the authority to screen his Complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113,

116 n.2 (3d Cir. 2000). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint if it is frivolous or fails to state a claim under § 1915A(b)(1). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . ." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A claim is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under 1915A(b)(1) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will]

accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quote omitted). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. Because Mr. Caiby is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021).

### III. DISCUSSION

Mr. Caiby's claims arise under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998). For supervisory officials, there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting

*A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

*First*, to the extent that Mr. Caiby seeks to hold Judge Beetlestone liable for her handling of the prior action, he has no legal basis to do so because she is immune from suit. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978).

*Second*, Mr. Caiby has not alleged that any of the defendants had any personal involvement with any of the constitutional violations that he alleges. Nor has he alleged that any of them directed any of those violations. He therefore has not stated a plausible claim based on any of those violations. *See Rode*, 845 F.2d at 1207.

*Third*, some of the allegations in the Complaint are frivolous. Mr. Caiby's claim that he is an agent of the United States conducting an investigation into the handling of his civil case is wholly incredible. So too are his claims about mind control through tele technology. But Mr. Caiby's allegations about attacks by his cellmates, and the possibility that prison officials had some involvement, is not so incredible as to permit the Court to rule them impossible or incredible. Mr. Caiby cannot state a constitutional claim against his cellmates because they are not state actors. However, to the extent he seeks to assert claims against prison personnel or others acting under color of state law, he might be

able to do so. To state a plausible failure to protect claim, a plaintiff must allege that: (1) the conditions in which he was incarcerated posed a substantial risk of serious harm; (2) the prison official acted with deliberate indifference to that substantial risk of serious harm; and (3) the official's deliberate indifference caused harm. *See Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997). The Court will give Mr. Caiby leave to make such allegations, if he has a good faith basis to do so.

## IV.   CONCLUSION

The Court will dismiss Mr. Caiby's Complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). The Court will give Mr. Caiby leave to file an Amended Complaint only as to his failure to protect claim based on the alleged assaults he claims to have experienced while incarcerated at SCI Graterford. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

November 22, 2022