IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY V. CAIBY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:22-cv-1403-JDW |
| | : | |
| C/O CYNTHIA LINK, et al., | : | |
|     Defendants. | : | |

## MEMORANDUM

In his Amended Complaint, Anthony Caiby complains that his cellmates at SCI Phoenix have attacked him and that prison officials haven't done anything to stop it. He alleges violations of his constitutional rights. But he has not made any allegations that might establish that any defendant was aware of the assaults against him or otherwise did anything illegal. I will therefore dismiss his Amended Complaint. Because he's already had a chance to amend his complaint, I will not grant Mr. Caiby leave to amend. Instead, I will dismiss his Amended Complaint with prejudice.

**I.    FACTUAL ALLEGATIONS**

Mr. Caiby claims that he was transferred to SCI Phoenix on September 17, 2016. On his first day there, another inmate hit him in the head with a lock. Later, his cellmate cut him while he was sleeping. He speculates that someone solicited these attacks on him. He informed "the staff, medical, security [and] administration." (ECF No. 24 at 5.) But none of them did anything to help him. Approximately a year later, on September 25, 2017,

1

someone assaulted him with a scalpel, and the only medical attention he received was a sick call visit. He claims that the defendants failed to protect him. He names Cynthia Link, George Ondrejka, George Terra, and a John/Jane Doe as defendants.

## II.   STANDARD OF REVIEW

Although Mr. Caiby has paid the filing fee, the Court has the authority to screen his Amended Complaint pursuant to 28 U.S.C. § 1915A. Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). As part of that screening, a judge must dismiss a complaint or any portion thereof that fails to state a claim under § 1915A(b)(1).

The standard for dismissal under Section 1915A(b)(1) is the same as for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, I must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means that I will "accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor,' and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quotes omitted). Conclusory

allegations do not suffice. *See Ibqal*, 556 U.S. at 678. Because Mr. Caiby is proceeding *pro se*, the Court construes his allegations liberally. *See Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021).

### III. DISCUSSION

42 U.S.C. § 1983 authorizes claims that state and local officials violated federal constitutional rights. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff pursuing a Section 1983 claim must allege (and prove) the involvement of each defendant in the alleged constitutional violation. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

For supervisory officials, there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quote omitted). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Mr. Caiby's Amended Complaint describes in broad terms the attacks that other inmates targeted at him. But other than naming the defendants as defendants, he doesn't mention them anywhere in his Amended Complaint. He doesn't allege that they directed the assaults, that they knew about the assaults, that they formulated any policy, custom, or practice, or that they were responsible for and failed to implement necessary training. In short, he has failed to make any allegation about any named defendant's involvement in the assaults against him. He therefore has not pled a plausible claim against any of them. See *Rode*, 845 F.2d at 1207; *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

I gave Mr. Caiby a chance to amend his original complaint, and he has still not stated a claim. At this stage, I conclude that further amendments would be futile, so I will dismiss his claim with prejudice. See *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").

**IV. CONCLUSION**

In his second bite at the apple, Mr. Caiby has not stated a plausible claim of personal involvement of any of the defendants. Therefore, I will dismiss his Amended Complaint with prejudice. An appropriate Order follows.

                              **BY THE COURT:**

                              */s/ Joshua D. Wolson*
                              **JOSHUA D. WOLSON, J.**

March 16, 2023